## Case No. 10,356.

### The NORWAY.[1]

Superior Court, S. D. Florida. Dec. 11, 1840.

SALVAGE—COMPENSATION.

[Cited in Baker v. The Sloboda, 35 Fed. 542, as an instance in which 45 per cent. of the cargo saved was allowed as a salvage compensation.]

[This was a libel in rem by John H. Geiger and others against the cargo and materials of the ship Norway for salvage.]

Adam Gordon, for libellants.
S. R. Mallory, for respondent.

[1] [Not previously reported.]

## Case No. 10,357.

### The NORWAY.

[1 Ben. 493.] [1]

District Court, S. D. New York. Oct., 1867.

REVIVING SUIT—LACHES—STAY OF PROCEEDINGS.

1. Where a suit to recover for materials furnished to a vessel was commenced in September, 1857, and, in December. 1857. the cause being then at issue, the claimants procured an order for a commission to examine a witness, with a stay of proceedings till its return, and direct interrogatories were served in June, 1858, but no cross interrogatories were ever served, and the commission was never sent, and the libellant died in May, 1859, and no further steps were taken by either party till October, 1867, when the libellant's executors applied to the court to be substituted as libellants, and to have the stay of proceedings set aside: Held. that, as no time was fixed by statute within which executors must apply to be substituted. no laches could be predicated of the mere lapse of time, and inasmuch as the claimants could have at any time compelled the executors to be substituted. the claimants were as open to the charge of laches as the libellant, and the application to substitute the executors must be granted.

2. As the delay had arisen apparently from the fact that both parties understood that the suit was not to be further prosecuted, and as the witness to be examined under the commission was material, and was now in the East Indies, and a commission to examine him could not be executed in less than a year, the claimants were entitled to a continuance of the stay.

The libel [by Anthony J. Allaire] against the Norway in this case was filed on the 29th of September, 1857. and a monition issued, under which the vessel was attached. She was bonded by the claimants, and their answer was put in on the 9th of November, 1857. The action was noticed for trial, and put on the calendar for the December term, 1857. The claimants then procured an order for a commission to examine a witness, with a stay of proceedings until the return of the commission. That order and stay had never been vacated. Direct interrogatories to be attached to the commission were served on the proctor for the libellant on the 5th of June, 1858; but no cross interrogatories were served by the libellant, nor had the commission ever been sent. Nothing had been done in the suit since the service of the interrogatories. The libellant died on the 13th of May, 1859, leaving a will, which had been duly proved before the surrogate of the city and county of New York, and on which letters testamentary had been issued to two executors named in the will, one of

[1] [Reported by Robert D. Benedict, Esq.. and here reprinted by permission.]

whom resided in the city of New York, and the other in the county of Westchester. The executors had duly qualified, and now applied to the court to be substituted as libellants in the suit, in place of the original libellant, and for an order vacating the stay of proceedings.

J. Van Vleck, for executors.
Benedict & Benedict, for claimants.

BLATCHFORD, District Judge. The action is one founded on contract, being brought to recover the amount of certain materials alleged to have been furnished for the building of the vessel. The cause of action, if there was any, therefore survived the libellant. Under such circumstances, the right of the executors to have the suit continued in their names is one conferred by statute. Act Sept. 24, 1789, § 31 (1 Stat. 90). No period of time is prescribed by the statute within which they must come in voluntarily and apply to be substituted. Therefore no laches can be predicated on the mere lapse of time. If the claimants desired the suit to proceed, they could, under the same statute, have at any time compelled the executors to come in within twenty days and be substituted. The provision of the statute is as follows: "Where any suit shall be depending in any court of the United States, and either of the parties shall die before final judgment, the executor or administrator of such deceased party who was plaintiff, petitioner, or defendant, in case the cause of action doth by law survive, shall have full power to prosecute or defend any such suit or action until final judgment, and the defendant or defendants are hereby obliged to answer thereto accordingly; and the court before whom such cause may be depending is hereby empowered and directed to hear and determine the same, and to render judgment for or against the executor or administrator, as the case may require. And if such executor or administrator, having been duly served with a scire facias from the office of the clerk of the court where such suit is depending, twenty days beforehand, shall neglect or refuse to become a party to the suit, the court may render judgment against the estate of the deceased party, in the same manner as if the executor or administrator had voluntarily made himself a party to the suit." So, also, the claimants had it in their power to secure the issuing of the commission, without any cross interrogatories, if the libellant was remiss in furnishing them. Therefore, so far as laches is concerned, the claimants are, in any point of view, as open to the charge as is the libellant. The motion to substitute the executors must, therefore, be allowed.

The motion to vacate the stay is denied. The executors have permitted so long a time to elapse before taking steps to revive the suit, because both parties seem to have understood that the cause would not be further prosecuted. And yet neither has done anything to turn himself, or the other party, or the cause, out of court. It appears that the witness, who was to be examined under the commission, is a material witness for the claimants, and now resides in the East Indies, and that the commission cannot be executed and returned in less than a year. Under the circumstances, I think that the claimants are entitled to a continuance of the stay.

[NOTE. Subsequently motion was made by the libellants to appoint a commissioner to examine the witness residing in the East Indies. The motion was granted. Case No. 10,358. In 1869 the libel was dismissed, with costs. Id. 10,359.]